IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VIVIAN ANSINELLI, *as Special Administrator of the Estate of* JOE ANSINELLI, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 05-cv-0893-MJR |
| DANIEL BERCU, D.O., COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORPORATION, COMMUNITY HEALTH SYSTEMS, INC., and MARION HOSPITAL CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Now before this Court is plaintiff Vivian Ansinelli's motion to remand (Doc. 29). For the reasons that follow, the Court **DENIES** that motion (Doc. 29).

**A.     Factual & Procedural Background**

On or about September 7, 2005, plaintiff Vivian Ansinelli, as special administrator of the estate of Joe Ansinelli, filed suit in the Circuit Court of Madison County, Illinois, against three defendants: Daniel G. Bercu, D.O., Community Health Systems Professional Services Corporation ("CHSPS") and Community Health Systems, Inc. ("CHS")(*see* Doc. 2).  Specifically, Ansinelli alleged medical negligence and wrongful death as a result of Defendants' negligence while the decedent was a patient of Bercu, and while the decedent was a patient at a CHSPS facility (*see* Doc. 2).

1

Ansinelli is a citizen of the State of Illinois. Bercu is a citizen of the State of Tennessee. CHSPS and CHS are corporations incorporated and organized under the laws of Delaware with their principal places of business in the State of Tennessee.

Defendant Bercu was served process in this matter on November 21, 2005, and subsequently filed a notice of removal of this action on December 21, 2005, pursuant to **28 U.S.C. §§ 1332, 1441** and **1446** (*see* Doc. 1). In his notice of removal, Bercu asserts that this Court has diversity jurisdiction over this matter pursuant to **28 U.S.C. § 1332** because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists. After completing threshold review, this Court was satisfied that it enjoyed subject matter jurisdiction over this matter, pursuant to **28 U.S.C. § 1332,** and submitted the case to the Clerk of the Court for tracking on December 29, 2005 (*see* Doc. 7).

Approximately three months later, on March 17, 2006, Ansinelli filed an amended complaint (*see* Doc. 26) adding Marion Hospital Corporation, *d/b/a* Heartland Regional Medical Center ("Marion"), as a defendant. *Id.* Marion is a citizen of the State of Illinois.

*Ansinelli's Motion to Remand*

On April 12, 2006, Ansinelli filed a motion to remand (Doc. 29). Notably, in that motion, Ansinelli does not argue that the requisite amount in controversy is not met, nor does she argue that Bercu's original removal was improper (*see* Doc. 29). Nonetheless, Ansinelli does argue that because Marion – a citizen of the State of Illinois – is now a party to this matter, diversity of citizenship no longer exists, and this Court must remand this matter.

B. <u>Analysis</u>

Courts presume a plaintiff's choice of forum is valid and resolve all doubts regarding

jurisdiction in favor of remand. *See Doe v. Allied-Signal Inc.,* **985 F.2d 908, 911 (7th Cir. 1993)**. When a defendant removes a case to a federal district court pursuant to **28 U.S.C. § 1441(a)**, the federal court must be able to exercise original jurisdiction over the matter. *See* **28 U.S.C. § 1441(a)(1)**. Under **28 U.S.C. § 1332(a)**, the federal district courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. **28 U.S.C. § 1332(a)**. If either requirement of diversity jurisdiction is lacking, the court must remand the case. **28 U.S.C. § 1447(c).**

### *The Amount in Controversy*

Regarding the amount in controversy, a removing party "need not show that the plaintiff will prevail or collect more than [the jurisdictional amount] if he does." ***Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (emphasis omitted)**. Rather, the burden is to show "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Id*.

In this matter, the decedent, Joe Ansinelli, was 45-years-old at the time of his demise and Vivian Ansinelli is alleging loss of money, goods, loss of society and companionship, and incurred medical bills and funeral expenses (*see* Doc. 2). Ansinelli further alleges that the decedent is survived by two children who have sustained pecuniary loss, including but not limited to money and goods and services the decedent might have been expected to contribute had he lived. Vivian Ansinelli alleges damages in an aggregate amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including the total of the alleged damages arising from the claims against all three defendants (*see* Doc. 2). Accordingly, the amount in controversy is clearly met and, as mentioned,

3

Ansinelli does not dispute this fact in her motion to remand (*see* Doc. 29).

### *Diversity of Citizenship*

As required by **28 U.S.C. § 1332**, complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997).** In this matter, it is clear that diversity of citizenship existed at the time that this case was first removed, December 21, 2005. At that time, only three defendants were named in this matter: Bercu, CHSPS and CHS. Each of those defendants is a citizen of a state other than Illinois, Ansinelli's state of citizenship.

Nonetheless, several months after originally filing her suit, Ansinelli has now joined a non-diverse defendant, Marion, "a necessary party [to this suit]," and asserts that the addition of Marion destroys diversity and compels remand. This Court disagrees.

It is a well-settled rule of law that if diversity jurisdiction exists *at the time of removal*, subsequent events do not divest the federal courts of jurisdiction. ***See Grinnell Mutual Reinsurance Co. v. Shierk,* 121 F.3d 1114, 1116 (7th Cir. 1997)("It is well established that the requirements for diversity jurisdiction must be satisfied only at the time a suit is filed");** *see also **Johnson v. Burken,* 930 F.2d 1202, 1205 (7th Cir. 1991); *FDIC v. W.R. Grace & Co.*, 877 F.2d 614, 617 (7th Cir.1989); *Rosado v. Wyman*, 397 U.S. 397, 405 n. 6 (1970)*. "The sufficiency of jurisdiction should be determined once and for all at the threshold and if found to be present then should continue until final disposition of the action." ***Smith v. Widman,* 627 F.2d 792, 799 (7th Cir. 1980).** "If jurisdiction exists at the outset of a suit, subsequent events will not divest the court of jurisdiction." *Id.* "Thus, for example, where jurisdiction is founded on diversity, if the parties were

of diverse citizenship when the complaint was filed, subsequent changes in citizenship are of no jurisdictional significance." *Id., citing Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957); *see also, Aurora Loan Services, Inc. v. Craddieth,* 442 F.3d 1018, 1026 (7th Cir. 2006)("**Jurisdiction once acquired ... is not divested by a subsequent change in the citizenship of the parties").**

In this matter, diversity of citizenship existed, pursuant to **28 U.S.C. § 1332(a)**, at the time of Bercu's original removal on December 21, 2005. Ansinelli's decision to now add Marion, a non-diverse party, does not divest the Court of its subject matter jurisdiction over this matter. Accordingly, the Court **FINDS** that it retains subject matter jurisdiction over this matter and **DENIES** Ansinelli's motion to remand (Doc. 29).

**IT IS SO ORDERED.**

**DATED this 27th day of October, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

5